IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WESTERN WORLD )
INSURANCE COMPANY, INC., )
)
    PLAINTIFF, )
)
VS. )   CV00-H-1636-S
)
DANIELLE COLVIN; an individual; )
NEW WOMAN ALL WOMEN HEALTH )
CARE, a corporation; and )
PATRICK H. SMITH, M.D., an )
individual, )
)
    DEFENDANTS.

**ENTERED**

**SEP 1 1 2000**

**MEMORANDUM OF DECISION**

This matter is before the court on the July 31, 2000 motion of New Woman All Women Health Care to stay or dismiss this action. The matter is now under submission pursuant to the August 9, 2000 order and the court has before it the August 16, 2000 and August 25, 2000 memoranda submitted pursuant to that order.

In December of 1999 Danielle Colvin commenced an action in the Circuit Court of Jefferson County against New Woman and other defendants to recover for injuries and damages allegedly sustained following an abortion. In January of 2000 plaintiff, which had issued a policy of insurance to New Woman, accepted

defense of this underlying action under a reservation of rights. On June 14, 2000[1] plaintiff invoked the jurisdiction of this court to seek under 28 U.S.C. § 2201 a declaration of rights and duties under the policy of insurance, specifically requesting this court to determine that plaintiff is not obligated to provide indemnity to New Woman for the claims in the underlying lawsuit.

The pending motion to dismiss raises the threshold issue of whether this court should exercise its jurisdiction to declare the rights and duties of the parties. "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a)(1994). Regardless of the existence of a basis for federal jurisdiction, the decision to entertain an action for a declaratory judgment is within the federal court's broad discretion. See Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258, 1260 (11th Cir. 1997); Ryder Servs. Corp. v. Savage, 945 F. Supp. 232, 235 (N.D. Ala. 1996). That discretion is not to be exercised blindly or abstractly but, rather, with "considerations of practicality and

---

[1] No explanation is offered to explain the six-month delay in commencing an action for declaratory relief.

2

wise judicial administration." See Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995). See also Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942) (setting forth a non-exhaustive list of factors including the pendency of parallel state court proceedings and the satisfactory nature of the state forum for the adjudication of all claims at issue). Here it is clear that the court cannot in this action, prior to the resolution of the underlying case, declare the rights of the parties with regard to the duty to indemnify. While the duty to defend is broader than the duty to indemnify, the obligation to defend here in large measure is dependent upon the resolution of facts relevant to the liability claims in the underlying lawsuit. The court expressly declines to entertain jurisdiction of this declaratory action and a separate order of dismissal, without prejudice, will be entered.

DONE this  11th  day of September, 2000.

[signature]
SENIOR UNITED STATES DISTRICT JUDGE